ROBERT ROCKWELL, Respondent, v. BERNARD A. KANTROWITZ, Appellant.— Order denying, on reargument, defendant's motion to cancel and discharge of record a judgment entered against him on November 23, 1928, reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. The United States District Court for the District of Connecticut, in the bankruptcy proceeding, adjudged that the defendant had his principal place of business, resided or had his domicile within its territorial jurisdiction for six months or the greater part thereof preceding the filing of the petition in bankruptcy and, therefore, that adjudication is *res judicata* as to plaintiff, whose claim was duly scheduled and who had notice or actual knowledge of the bankruptcy proceedings. Under the circumstances plaintiff may not attack the order of the bankruptcy court discharging the defendant. Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ., concur.

JOSEPH RUBINOW, Respondent, v. CHARLES W. DELAHUNT, Appellant.— In an action to recover for personal injuries, based upon a claim that a public tennis court upon which the plaintiff was playing was maintained in a negligent condition by reason of the fact that the surface was very hard and pebbles one-half to three-quarters of an inch in diameter were allowed to remain thereon after notice to the defendant, the plaintiff has been awarded judgment. Judgment reversed on the law and the facts, with costs, motion to dismiss the complaint granted, and complaint dismissed, with costs. We find that the place where the plaintiff fell was back of the service line, a distance of more than twenty feet back of the net. The presence or absence of pebbles within three to six feet of the net becomes immaterial because the evidence establishes that the plaintiff did not fall where the plaintiff and his witnesses testified the pebbles were, but fell where he conceded there were no pebbles. Lazansky, P. J., Davis, Adel, Taylor and Close, JJ., concur.

BESSIE RUDDY, Respondent, v. PUTNAM THEATRICAL CORPORATION, Appellant, and NEVINS AMUSEMENT CORPORATION, Defendant.— Action by plaintiff to recover damages for personal injuries. Plaintiff was injured when her foot caught in a carpet and she was caused to fall on the stairway in appellant's theatre. Judgment in favor of plaintiff unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ.

ANN SKINNER, Respondent, v. FRANK PHELPS, Appellant.— In an action for personal injuries alleged to have been caused by the bite of a dog, defendant appeals from a judgment in favor of plaintiff, entered in the office of the clerk of the City Court of Mount Vernon. Judgment reversed on the law, with costs, defendant's motion for judgment granted, and complaint dismissed, with costs. We find that plaintiff was bitten when she attempted to stop a fight between her dog and the dog of the defendant. It is doubtful that she showed by credible evidence that defendant's dog bit her. On the uncontradicted evidence, both dogs were unmuzzled, but in our opinion this did not, in the circumstances of the case, constitute a violation by either party of the statute pleaded by plaintiff. (Public Health Law, § 25-a.) Defendant's dog was on a leash and was held in restraint by his servant. While a leash was attached to plaintiff's dog, he was running loose with it, entirely unrestrained. If he had been under restraint, there would have been no fight. Lazansky, P. J., Davis, Adel, Taylor and Close, JJ., concur.