L. B. CONSTRUCTION CORPORATION, Plaintiff, v. GUTWIRTH & ERRANTE HOMES, INC., et al., Respondents; BLICK WOODWORKING CO., INC., Appellant, et al., Defendants.— We find that the parties modified the original contract so as to cover millwork for fifty-two houses; that complete materials were delivered thereunder; that some inferior grade materials were furnished; that the contract did not provide for the best grade materials; that the materials delivered were acceptable under the contract and during the period in suit; that appellant is entitled to recover $22,100 on the contract, $155.89 for extras, and $215.55 for sales taxes; that payments on account were made in the sum of $21,247.50; leaving an unpaid balance of $1,223.94, for which amount with interest appellant is entitled to judgment. Carswell, Acting P. J., Johnston, Adel, Wenzel and MacCrate, JJ., concur.

■

MARGIE LEONE, Appellant, v. LOWRY HOROWITZ & FISCHER, INC., Respondent. — The accident, in which the plaintiff was injured, was allegedly brought about by a defect in the structure of the dance floor where she fell, and not because of a condition of a transient and possibly recent nature. It was, therefore, error to charge that there must be an affirmative finding of notice on the part of the defendant before the plaintiff could recover. (*Ruddy* v. *Putnam Theatrical Corp.,* 255 App. Div. 1027.) Carswell, Acting P. J., Johnston, Adel, Wenzel and MacCrate, JJ., concur.

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HENRY BROWN, Appellant.— The record fails to disclose any violation of the statute. Nolan, P. J., Carswell, Johnston, Adel and Wenzel, JJ., concur.